**BRESSLER, AMERY & ROSS, P.C.**
Randi Perry Spallina, CA Bar No. 165839
rspallina@bressler.com
200 E. Las Olas Boulevard, Suite 1500
Fort Lauderdale, FL 33301
Telephone: (954) 499-7979
Facsimile: (954) 499-7969

Attorney for Plaintiff
FARMERS NEW WORLD LIFE
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

FARMERS NEW WORLD LIFE
INSURANCE COMPANY,

            Plaintiff,

      v.

JOHN BOVA,

IRENE HERNANDEZ,

JANETTE MICHEL,

NOE CERNAS,

DANIEL VALENTIN,

L.D.B., a Minor,

N.E.H., a Minor,

A.D.M., a Minor, and

A.J.M., a Minor,

            Defendants.

Case No.

COMPLAINT FOR
INTERPLEADER RELIEF

Plaintiff Farmers New World Life Insurance Company ("FNWL"), by its undersigned attorneys, hereby submits its Complaint for Interpleader Relief pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22 against Defendants John

Bova, Irene Hernandez, Janette Michel, Noe Cernas, Daniel Valentin, L.D.B., a Minor, N.E.H., a Minor, A.D.M., a Minor, and A.J.M., a Minor, and states as follows:

### Parties

1.    Plaintiff Farmers New World Life Insurance Company is a corporation incorporated under the laws of the State of Washington with its principal place of business in Bellevue, Washington.

2.    Defendant John Bova is a citizen of the State of California.

3.    Defendant Irene Hernandez is a citizen of the State of Arizona.

4.    Defendant Janette Michel is a citizen of the State of Nevada.

5.    Defendant Noe Cernas is a citizen of the State of Nevada.

6.    Defendant Daniel Valentin is a citizen of the State of Arizona.

7.    Defendant L.D.B., a Minor, is a citizen of the State of Arizona.

8.    Defendant N.E.H., a Minor, is a citizen of the State of Arizona.

9.    Defendant A.D.M., a Minor, is a citizen of the State of Arizona.

10.    Defendant A.J.M., a Minor, is a citizen of the State of Arizona.

### Jurisdiction and Venue

11.    This Court has original jurisdiction of this civil action of interpleader pursuant to 28 U.S.C. § 1335. FNWL has in its custody or possession money or property of the value of $500 or more to which two or more adverse claimants of diverse citizenship may claim to be entitled.

COMPLAINT FOR INTERPLEADER RELIEF

12.     This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is present as FNWL is a citizen of the State of Washington and no Defendant is a citizen of the State of Washington. Furthermore, as more fully set out below, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the Defendants reside in Orange County, California, which is in the Central District of California, Southern Division pursuant to 28 U.S.C. § 84(c)(3).

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## **Factual Background**

Policy No. -5007

15.     On or about September 12, 2012, Christina L. Bova (the "Decedent") applied for life insurance policy number 009595007 ("Policy No. -5007") from FNWL. *See* -5007 Application, attached hereto as **Exhibit A**.

16.     The Application designated Defendants Irene Hernandez, Janette Michel, and Noe Cernas each as one-third primary beneficiaries of Policy No. -5007 and did not designate a contingent beneficiary. *See id.*

17.     On or about March 5, 2013, FNWL issued Policy No. -5007 with a death benefit of $150,000 insuring the life of the Decedent. *See* Policy No. -5007,

attached hereto as **Exhibit B**.

18.    On or about June 25, 2025, FNWL received and processed a Beneficiary Change Form for Policy No. -5007, which designated Defendants Irene Hernandez and Janette Michel each as 33.33% primary beneficiaries and No Cernas as 33.34% primary beneficiary, and did not designate a contingent beneficiary. *See* June 25, 2025 COB Form, attached hereto as **Exhibit C**.

19.    On or about July 11, 2025, FNWL received and processed a Beneficiary Change Form for Policy No. -5007, which designated Defendants Janette Michel as 66.7% primary beneficiary and Noe Cernas as 33.3% primary beneficiary, and did not designate a contingent beneficiary. *See* July 11, 2025 COB Form, attached hereto as **Exhibit D.**

Policy No. -5891

20.    On or about September 25, 2020, the Decedent applied for life insurance policy number 002875891 ("Policy No. -5891") from FNWL. *See* -5891 Application, attached hereto as **Exhibit E**.

21.    The Application designated Defendants Daniel Valentin, L.D.B., N.E.H., A.D.M., and A.J.M each as 20% primary beneficiaries of Policy No. -5891, and did not designate a contingent beneficiary. *See id.*

22.    On or about October 15, 2020, FNWL issued Policy No. -5891 with a death benefit of $150,000 insuring the life of the Decedent. *See* Policy No. -5891, attached hereto as **Exhibit F**.

23.     On or about June 26, 2025, FNWL received and processed a Change of Beneficiary form for Policy No. -5891, which designated Defendants John Bova as 100% primary beneficiary and Irene Hernandez as 100% contingent beneficiary. *See* June 26, 2025 COB Form, attached hereto as **Exhibit G**.

Decedent's Death and Claims

24.     Policy No. -5007 and Policy No. -5891 are referred to together as the Policies.

25.     The Decedent died on July 22, 2025.

26.     As a result of the Decedent's death, the Policies' death benefits became payable to the beneficiary or beneficiaries.

27.     On or about July 29, 2025, Defendant John Bova submitted a claim to the death benefit payable under Policy No. -5891. *See* Claimant's Statement for Insurance Proceeds, attached hereto as **Exhibit H**.

28.     Defendant John Bova has also asserted a community property interest in the death benefit payable under Policy No. -5007.

29.     Defendant Irene Hernandez has disputed the validity of the June 26, 2025, COB Form for Policy No. -5891, and the basis of her dispute would necessarily implicate the validity of the July 11, 2025 COB Form for Policy No. -5007.

## **CAUSE OF ACTION – INTERPLEADER RELIEF**

30.     FNWL incorporates Paragraphs 1-29 herein by reference.

31.    As a result of the foregoing, there exists actual or potential rival, adverse, and conflicting claims to the benefits described above, and FNWL is unable to discharge its admitted liability without exposure to multiple liability, multiple litigation, or both.

32.    FNWL is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and potential rights to the benefits due and owing under the Policies.

33.    FNWL neither has, nor claims, any interest in the benefits due under the Policies and at all times has been willing to pay the benefits to the person or persons entitled to them.

34.    FNWL should not be compelled to become involved in the dispute or contentions of the competing claimants, and the competing claimants should be ordered to litigate amongst themselves without further involvement of FNWL.

35.    FNWL has in no way colluded with any of the parties named herein concerning the matters of this case. FNWL has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

36.    FNWL will move for leave to deposit into the Registry of the Court the benefits due and owing under the Policies.

37.    FNWL alleges that it is entitled to interpleader relief pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22 and further alleges that it is entitled to

recover reasonable attorneys' fees and costs as a result of these proceedings.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Farmers New World Life Insurance Company requests the following relief:

a.      That Defendants be required to make full and complete Answer to this Complaint for Interpleader Relief, and to set forth to which of them the benefits, or any part thereof, rightfully belongs, and how they make their claims thereto;

b.      That this Court determine and declare the rights of the Defendants to the benefits due and owing under FNWL life insurance policy numbers 009595007 and 002875891 issued to the late Christina L. Bova;

c.      That this Court discharge FNWL of and from any and all further liability under FNWL life insurance policy numbers 009595007 and 002875891 and on account of the death of Christina L. Bova;

d.      That Defendants be enjoined from instituting or prosecuting against FNWL any proceeding in any state or United States Court or administrative tribunal relating to the death benefit payable under FNWL life insurance policy numbers 009595007 and 002875891 and on account of the death of Christina L. Bova, and that said injunction issue without bond or surety;

e.      That this Court enter an order awarding FNWL its costs and attorneys' fees in connection with this action, to be deducted from the death benefit due and owing under FNWL life insurance policy numbers 009595007 and 002875891 issued to the late Christina L. Bova;

f.      That this Court excuse FNWL from further attendance upon this cause and dismiss FNWL from this case, with prejudice; and

g.      That this Court grant FNWL such other and further relief as this Court deems just and equitable.

COMPLAINT FOR INTERPLEADER RELIEF

Dated:     October 29, 2025          BRESSLER, AMERY & ROSS, P.C.

By: /s/ Randi Perry Spallina

Randi Perry Spallina
Attorney for Plaintiff
FARMERS NEW WORLD LIFE
INSURANCE COMPANY

COMPLAINT FOR INTERPLEADER RELIEF